The opinion of the court was delivered by
Gibson, C. J.
When it was determined in Eby v. Burkholder, that an order of maintenance could not be enforced by action, the allowance to the mother had acquired no quality of a debt. By subjecting a sentence for the payment of money to the operation of the insolvent laws, as an ordinary duty, the legislature have authorized' the party convict to treat it otherwise. By the seventeenth section of the general insolvent act, it is directed, that “ any person who shall be in confinement by order of any court, until he restore to the owner any stolen goods or chattels, or pay the value thereof; and any person who shall be confined for the payment of any fine or for the payment of the costs of -prosecution and for no other cause, shall be entitled to the benefit of this act.” In its largest sense, the word fine includes the mulct for the maintenance of a bastard; and the case is clearly within the equity of the act. By the succeeding section it is further directed, that persons confined for fines or forfeitures, not separately exceeding the sum of fifteen dollars exclusive of the costs, be absolutely discharged by the sheriff at the expiration of thirty days; and consequently, without cession of goods. This section seems to operate as a statutory commutation and pardon; but not so the preceding one, which, by *65 putting the case of the convict on the ordinary footing of insolvency,, discharges but the person and leaves the duty still in force. By a discharge, then, under the insolvent laws, the remedy by commitment in execution is gone; and by what other remedy than an action, can the duty be enforced against property subsequently acquired ? That the legislature intended that it should be so enforced, is inferrible from their intent to exonerate'no more than the person; and where the party convict procures such exoneration, the remedy by action results of necessity. In Eby v. Burkholder, the defendant had not been discharged; and the nature of the duty being unchanged by the act of the defendant, there was no such necessity; consequently the mother was not allowed to use the extraordinary means for which necessity gives occasion. It is entirely consistent with that case, therefore, to say, that in the circumstances of the present, recourse to an action was entirely proper. The question put to the court on the effect of the proof, was also properly ruled. The plaintiff averred that she had maintained the bastard at her own charge during the entire period; and to this the defendant pleaded payment; which, by every rule, was-an admission of the whole declaration, except the particular-part of it put in issue. It is true the fact of payment was.pleaded, “with leave to give the special matters in evidence,” which by our practice makes way but for an equity where there is one; but where there is none, the leave_ thus taken goes for nothing, and the plea has no more than its common law effect. But even where it is properly pleaded, it has not the properties of a general issue plea; its office being to confess and avoid, by the introduction of the special matter relied .upon. The burthen of proving the issue, therefore, lay on the defendant, and the jury were rightly instructed that the failure was on his part.
Judgment affirmed.