## Moyer's Administrators *versus* Fisher and Wife.

24     513
26 SC 431

1. The only effect of omitting to give notice of special matter is to confine the defence to the general matters strictly admissible under the pleas on the record.

2. In a Rule of Court it was provided that "Where, under any plea, it is designed to give the special matter, fraud, want of consideration, particular payments, or defalcation, in evidence, a specification thereof in writing shall, if demanded, be given to the opposite party or attorney, within twenty days after demand made; otherwise no evidence of it shall be admitted."

In an action of debt against administrators, on a bond alleged to have been given by the intestate, issues were joined on the pleas of *nil debet* and payment with leave, and *non est factum*, the latter being added on the trial.

*Held*, that though specification of special matter had been asked for and not given, still the defendants could show that the bond was found in the intestate's house immediately after his death—that it was never *delivered*—and that one of the plaintiffs, who was the obligee in the bond, and for whose use the suit was brought, declared, when the bond was found, that she had never seen it before. Such testimony was not *special matter* within the meaning of the rule, but was general matter, admissible under the pleadings.

3. The plea of *nil debet* is an improper plea to an action of debt on bond; but advantage of the irregularity can be taken only by demurrer. If the plaintiff goes to trial upon it, he waives the irregularity, and the plea is to be treated as the general issue. See 5 *Esp.* 38; *Chitty's Pl.* 478.

ERROR to the Common Pleas of *Lebanon county*.

This was an action of debt to April Term, 1854, by Henry Fisher and Mary his wife, *v.* Henry and Michael Moyer, administrators, &c., of John Moyer, deceased, on a bond executed by the said John Moyer, and dated the 1st April, 1837, for the payment of $600, on 1st April, 1838.

The pleas were *nil debet*—the statute of limitations, payment, and payment with leave to give special matter in evidence. Issue, &c. On November 10, 1854, a jury was called.

The bond was offered in evidence, and on part of the defendants was then added the plea of *non est factum intestati*. The subscribing witness was then called, who testified that he saw John Moyer sign the bond about 4 or 5 years before, and that Moyer took the bond away with him. The bond was read, and the plaintiffs rested.

On part of *the defendants* it was offered to prove that the bond never was delivered by Moyer, and that it was found in his house immediately after his death.

VOL. XII.—65

[Moyer's Administrators *v.* Fisher.]

The evidence was objected to because notice of it had not been given under the rule of Court. The Court observed that the evidence was offered under the plea of *non est factum* this day pleaded; and the opinion was expressed that if the fact proposed to be proved had not been known till near the time for giving notice had expired, it might have been a ground for continuing the cause, but could not dispense with the necessity of giving notice; but that it was conceded that the administrators knew the facts now relied on before defence made. The proposed evidence was rejected.

It was further proposed to prove that Mrs. Fisher, one of the plaintiffs, declared, when the bond was found, that she had never seen it before. Rejected for want of notice.

The rejection of the evidence was assigned for error.

*H. Alricks*, for plaintiff in error.—The plea of *non est factum* puts in issue the execution of the deed, and its continuance as a deed at the time of the plea: 2 *Starkie on Ev.* 270; 2 *Barr* 55; and the defendant may show that it was never *delivered : Starkie* 272; 1 *Wend.* 478; 2 *Id.* 308; 1 *Chitty* 483. That which avoids a deed, or shows it to have been delivered as an escrow, may be given in evidence under the plea of *non est factum ;* that which makes it only *voidable*, must be specially pleaded: *Stephen* 191; 1 *Tidd* 701. Also cited *Stephen* 307; 7 *W. & Ser.* 175; 2 *Starkie* 270, note 1; 3 *Harris and McHenry* 243.

The plea of *non est factum* was added under the Act of 1806, and if the Court refused to admit the evidence offered, the case should have been continued: 3 *W. & Ser.* 121; 8 *Ser. & R.* 499.

*Kline* and *Boughter*, contrà.—It was alleged that under the plea of *non est factum* nothing but *the execution* of the bond was put in issue, and not the circumstances under which it came into the possession of the plaintiffs. That the last were *special matter* of which notice should have been given. Under the plea of *payment* notice should have been given: 3 *Yeates* 6; 4 *Watts* 23; 14 *Ser. & R.* 176. The rule of Court does not impinge on the provisions of the Act of 1806 as to amendment, as without the rule the plea of payment would have its literal effect, nothing but evidence of *payment* being admissible under it: 1 *Jones* 174.

If the defendants had shown that they had been really surprised by the rejection of the evidence, application might have been made for a continuance: 5 *Barr* 189, Ellmaker *v.* Franklin Insurance Company.

The opinion of the Court was delivered by
LEWIS, C. J.—This was an action brought by Fisher and wife

[Moyer's Administrators v. Fisher.]

against the administrators of John Moyer, deceased, on a bond alleged to have been given by the intestate. The parties went to trial on several issues, among which were issues joined on the several pleas of *nil debet* and *non est factum.* The plaintiffs called the subscribing witness and proved the handwriting of the defendant's intestate, but failed to prove any actual delivery of the bond. It did not appear that the obligee was present either in person or by agent, or that the bond was delivered to any person for her use. On the contrary the alleged obligor, after signing his name to the instrument, retained it in his own possession. On this evidence the plaintiffs rested their case.

The defendants offered to prove that the bond was found in the intestate's house, among his other effects, immediately after his death—that it was never delivered—that it was not the bond of the intestate—and that Mrs. Fisher, the alleged obligee, at the time the bond was found, declared that she had never seen it before. The Court rejected this evidence because no notice of it had been given according to the rule of Court. That rule is, that "where, under any plea, it is designed to give the special matter, fraud, want of consideration, particular payments, or defalcation, in evidence, a specification thereof, in writing, shall, if demanded, be given to the opposite party or attorney within twenty days after demand made, otherwise no evidence of it shall be admitted. The specification was demanded, but no notice of the proposed defence was given, and the question is, Does the evidence offered and rejected fall within the rule?

In general, notices of special matter are only necessary where it is intended to give evidence of matters not properly admissible under the pleading. They are said to be " only requisite where, otherwise, there must be a special plea:" Coverly v. Fox, 1 *Jones* 174. The matters properly admissible under any particular plea, such as direct payments under the plea of payment (Hobson v. Croft, 9 *Barr* 364, Erwen v. Leibert, 5 *W. & Ser.* 105), or that the plaintiff has no just demand under the plea of *non assumpsit* (Beals v. See, 10 *Barr* 59; Gaw v. Wolcott, 10 *Barr* 43), may, it is said, be given in evidence without notice of special matter. The only effect of omitting to give notice of special matter is to confine the defence to the general matters strictly admissible under the pleas on the record. The pleas, in the absence of notice, have their common law effect: Coverly v. Fox, 1 *Jones* 174; Hellings v. Amey, 1 *Wharton* 65. If these principles govern the case before us, the evidence ought to have been admitted, because it was strictly pertinent under the plea of *non est factum,* giving to that plea nothing more than its common law effect. If the bond was never delivered, either as an escrow or otherwise, the jury might well find that it was not the deed of the intestate. The evidence offered was not " special matter" at all,

[Moyer's Administrators *v.* Fisher.]

within the meaning of the rule of Court. It was the *general* matter always properly admissible under the general issue in an action of debt on bond. Nor was it offered to prove "fraud, want of consideration, particular payments, or defalcation." It was merely offered to prove that the instrument declared on is not the bond of the intestate. The rule of Court seems to apply only to issues where the burden of proof is on the defendant, and to affirmative evidence offered by him. Under the general issue he may stand on the defensive, without offering any evidence whatever. On such an issue the proof comes from the plaintiff, in the first place, and that of the defendant must necessarily depend on the case exhibited by the plaintiff. In strict technical language the defendant's evidence is not given to *support his plea*, for that stands without any other support than the law, but to *repel* the evidence of the plaintiff. How then can a defendant specify what he intends to give in evidence for that purpose until he hears the plaintiff's testimony? The plaintiff is not bound to give the defendant a specification of the matter on which he relies to support the issue on *non est factum*. Why should the defendant be required to specify matters of defence which must necessarily vary according to the case made out by the plaintiff?

It is true that the plea of *non est factum* was added with leave of the Court at the time of the trial. But the defence would have been equally available under *nil debet*, which was pleaded some months before. That plea is of course an improper plea to an action of debt on bond. But advantage can only be taken of it by demurrer. If the plaintiff chooses to go to trial on it, he waives the irregularity, and the plea must be treated as the general issue: Rawlins *v.* Danvers, 5 *Esp.* 38; 1 *Chitty's Pl.* 478.

The Court was in error in rejecting the evidence referred to in the several assignments, and for this reason the judgment is reversed.

Judgment reversed and *venire facias de novo* awarded.