# Davis's Appeal.

1. A mere surrender of his property, contemplated by the insolvent laws, does not entitle a person in confinement for deserting his wife and children to his discharge ; he must satisfy the conscience of the court, after an actual confinement of. three months, of his inability to comply with the order of the court and give security.

2. The Act of April 15th 1869, was intended to furnish a different remedy for the relief of a person committed, instead of an additional one to that provided by the insolvent laws.

April 2d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Court of Common Pleas of *Northampton county :* Of January Term 1879, No. 39.

Appeal of Edward H. Davis from the decree of the court dismissing his petition for the benefit of the insolvent laws.

, Edward H. Davis, the appellant, was committed to the jail of Northampton county on the 6th of May 1878, in default of giving security to comply with the order of the Court of Quarter Sessions of Northampton county, to pay a fine of $1 to the Commonwealth for the use of the court, and to pay the sum of $4 per week for the support and maintenance of his wife and child, and the costs of prosecution, upon a complaint made under the 2d section of the Act of April 13th 1867.

After he had been confined in the jail for three months, he made application to the Court of Common Pleas for his discharge, and gave bond to appear and present his petition at the next term for the benefit of the insolvent laws. He was therefore discharged from imprisonment by the court. At the next term, August 12th 1878, he presented his petition for the benefit of the insolvent laws, gave bond, and a time was fixed for the hearing. After hearing, the court, Meyers, P. J., refused to discharge him, in an opinion, saying :

"Edward H. Davis was committed to prison by the Court of Quarter Sessions, in default of giving security to comply with the order of said court, in a proceeding for the support and maintenance of his wife and children, under the 2d section of the Act of April 13th 1867. After an actual confinement in prison for three months, Davis made application for his discharge under the insolvent laws, and on his final petition, objection was made to his discharge on two grounds, viz.: 1. That the court has no jurisdiction to grant relief to persons in confinement under a sentence or order of a criminal court, except in the cases provided for by the 47th section of the Act of June 16th 1836. 2. That this application is not within the provisions of the 2d section of the same act, conferring jurisdiction in cases of insolvency.

" That Davis is not entitled to relief under the 47th section, is

clear, as such relief is limited by said section to a person in confinement under a sentence or order, 'until he restore any stolen goods or chattels, or pay the value thereof; or in which any person may be confined for non-payment of any fine, or of the costs of prosecution ; or upon conviction of fornication and bastardy.'

" By the 1st section of the Act of March 26th 1814, every person was entitled to relief as an insolvent debtor, 'who shall be in actual confinement on mesne or final process for the recovery of money or damages, or who shall be confined for the non-performance of any decree or sentence for the payment of money.' Under the act it was held, in the case of George Texas, 1 Ash. 179, 'that a person committed by the order of the Court of Quarter Sessions until he shall comply with a sentence directing him to pay weekly a certain sum of money for the support of his wife and child, and to give security for the performance of the order, is entitled to his discharge under the insolvent laws.'

" The language of the clause in the 2d section of the Act of June 16th 1836, relative to insolvent debtors, differs very little from that in the 1st section of the Act of 1814. . The 2d section of the Act of 1836 confers jurisdiction in the case 'of a person arrested or detained by virtue of any process issued in any civil suit or proceeding for the recovery of money or damages, or for the non performance of any decree or sentence for the payment of money.'

" The objection made to the discharge of Texas was that, in addition to the decree or sentence for the payment of money, the petitioner was required to do a collateral act, viz., to give security for his future performance of the sentence of the court. ' ' This incident,' says Judge King, 'cannot vary the nature of the principal obligation, as to make that a criminal offence which, without it, was but a pecuniary obligation.'

" In support of the position taken by Judge King, he relies upon the analogous case of a confinement under a sentence for fornication and bastardy, in which Judge Rush, as early as 1816, discharged McCulloch under the insolvent laws, though the act *expressly* extending the provision of the insolvent laws to such cases was not passed until the 11th of April 1825. Assuming that the court had jurisdiction under the insolvent laws prior to April 15th 1869, in a case like the one under consideration, we are, however, met by the act of that date, which provides, 'that whenever the Court of Quarter Sessions of any county in the Commonwealth shall, under the 2d section of the act to which this is a supplement, commit the person complained of to the county prison, there to remain until he comply with their order or give security, &c., it shall be lawful for the said court, at any time after three months, if they shall be satisfied of the inability of such person to comply with the said order and give such security to discharge him from imprisonment.'

" It would seem, therefore, that the Act of 1869 intended to

[Davis's Appeal.]

furnish a different remedy for his relief, instead of an additional one to that provided by the insolvent laws. While the act is entitled 'A supplement to the act for the relief of wives deserted by their husbands, in the county of Lancaster and other counties, approved the 27th day of February 1877,' it was held in Keller v. Commonwealth, 21 P. F. Smith 413, that this act was intended as a supplement to the general act relative to desertions by husbands, &c., passed April 13th 1867. In proceedings for relief under the insolvent laws, the applicant is required, inter alia, to execute an assignment of all his estate, property and effects, &c., but under no circumstances is he required to satisfy the court in a case like this of his inability to comply with the order of the court and give such security.

" When the Act of 1869 was passed, the legislature must have intended that a mere surrender of his property, contemplated by the insolvent laws, ought not to entitle a person in confinement for deserting his wife and children to his discharge, but that he should be required to satisfy the conscience of the court, after an actual confinement of three months, of his inability to comply with the order of the court and give such security.

" A person having little or no property, without the slightest inconvenience to himself, might procure his discharge under the insolvent laws ; yet he might be in a position, by reason of his employment, social relations or otherwise, to be able to obtain the required security to comply with the order of the court. Under such circumstances, it seems reasonable that a person ought not to escape performance of his duty to support his wife and children, to prevent which I have no doubt was intended to be accomplished by the Act of 1869. For these reasons, the discharge of Edward H. Davis is withheld. Being of opinion, therefore, that the petitioner is not entitled to his discharge under the insolvent laws of this Commonwealth, we hereby order and decree that the petitioner's application for discharge be dismissed."

Davis took this appeal, and alleged that the court erred in dismissing the petition and refusing to discharge him.

*Edward J. Fox*, for appellant.—The petitioner was entitled to the relief afforded by the insolvent law, and to his discharge as an insolvent debtor. He was within the provisions of sect. 2, of the Act of 16th June 1836. He was "detained" "for the non-performance of a sentence for the payment of money." In George Texas's Case, 1 Ash. 175, Judge King says : " If George Texas is in confinement under ' a decree or sentence for the payment of money,' he is entitled to the relief he asks for." And Judge King decided that he was entitled to his discharge under the insolvent laws. This decision was under the Insolvent Act of 1814. The language of that act is precisely similar to that used in the second

[Davis's Appeal.]

section of the Act of 1836, viz.: "for the non-performance of any decree or sentence for the payment of money."

Davis was entitled to his discharge from imprisonment after a confinement of three months, because he was "confined for the non-payment of a fine and the costs of prosecution." He was sentenced to pay a fine of $1 and the costs of prosecution. But the court says, that although he was within the provisions of the Insolvent Law, yet "when the Act of 1869 was passed, the legislature must have intended, that a mere surrender of his property contemplated by the insolvent laws ought not to entitle a person in confinement for deserting his wife and children to his discharge."

The intent of the legislature must be gathered from the plain meaning of the statute, and if there is nothing in the Act of 1869 taking away the right of a person in confinement under a sentence for the payment of money to his discharge under the insolvent laws, the right to a discharge still remains. There is no repeal of the Act of 1836 in express words by the Act of 1869. That is not pretended. Then it must be a repeal by implication. "A statute will not be deemed to be repealed by implication, unless there be a clear and strong inconsistency between the two enactments:" Street v. Commonwealth, 6 W. & S. 209; Cohen v. Commonwealth, 6 Barr 111; Commonwealth v. Easton Bank, 10 Barr 442; Egypt v. Street, 2 Grant 455.

*C. M. Anstett*, District Attorney, and *Henry W. Scott, contra.* —The sixth section of the Insolvent Law of January 29th 1820, which the Criminal Insolvency of 1836 was intended to embrace, is in the following words: "The provisions of this act shall not extend to discharge or relieve any defendant from *any fine whatsoever set or imposed in any criminal prosecution.*" Therefore the precedent of Judge RUSH in 1816, cited in the Texas case, was not authority then; for the offence of fornication was indictable and punishable under the Act of 1705, as a criminal offence: 1 Sm. Laws, p. 27.

The Act of April 15th 1869, in its preamble is said to be a supplement to a special act; but in Keller v. Commonwealth, 21 P. F. Smith 413, it was held to be supplementary to the general Act of 1867. If a defendant *was not* entitled to his discharge previous to the passage of this law, its provisions were intended for his similar relief. If he *was* entitled to discharge under the insolvent laws, this act 'puts a further restriction upon his escape from a plain legal and moral duty.

PER CURIAM.—The order of the court below refusing to discharge the appellant as an insolvent debtor is affirmed, upon the opinion of the learned president judge. No point has been made as to the jurisdiction of the court to review the order complained of, either

[Davis's Appeal.]

by appeal or certiorari, and we give no opinion on that question. In re Fletterer's Petition, 2 W. N. C. 650.

Order affirmed.