# Commonwealth *v.* Dee.

*Fornication and bastardy—Discharge as insolvent—Subsequent attachment and imprisonment.*

The discharge as an insolvent of a person convicted and sentenced under a charge of fornication and bastardy extinguishes all liability to attachment and imprisonment for failure to pay instalments accruing after discharge, but such discharge does not relieve the defendant from the payment of the accrued weekly amounts by action in assumpsit or by an execution issued upon subsequent earnings or property.

Argued April 23, 1900. Appeal, No. 27, April T., 1900, by defendant, in suit of Commonwealth of Pennsylvania against Dennis Dee, from judgment of Q. S. Allegheny Co., Sept. Sess., 1896, No. 483, making absolute rule for attachment. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by ORLADY, J.

Indictment for fornication and bastardy. Before FRAZER, J.

It appears from the record that defendant pleaded guilty to the indictment and was sentenced to pay a fine of six and one fourth cents, costs of prosecution, certain expenses of the prosecutrix, $15.00, $10.00 for support of child from birth to date, and $1.25 per week for support of child for a period of four years, and enter into recognizance for $300 with surety to comply.

In default of compliance, defendant having been committed to the county jail, proceedings were taken resulting in his discharge as an insolvent. Subsequently a rule was granted at the instance of the prosecutrix to show cause why defendant should not be attached for contempt in not complying with the terms of the sentence of October term, 1896, whereupon the court made the following order:

[And now, to wit: June 3, 1897, rule absolute and defendant is ordered to pay to the prosecutrix the sum of $125, being the aggregate amount of the weekly payments falling due under the sentence of October 10, 1896, since June 5, 1897, the date of his discharge under the insolvent laws. Payment to be made within fifteen days from this date, and in default thereof to be committed to the county jail until this order is complied with, or until the further order of this court in the premises.] [2]

Defendant appealed.

*Errors assigned* were (1) in making absolute rule for defendant's tachment. (2) In making the order of the court, reciting same.

*W. J. Brennan*, for appellant.—It is the contention of the appellant that he is not subject to imprisonment for the accruing payments after he had been duly discharged under the act known as the "insolvent debtor's act," approved June 16, 1836, P. L. 729, sec. 47: Com. v. Kyler, 17 W. N. C. 123; Com. v. Cook, 4 W. N. C. 333; Com. v. Faulkner, 3 W. N. C. 540.

*Wm. M. McElroy*, for appellee.—The distinctive feature in the appellant's claim is this: The sentence of the quarter sessions court had not been completed when the appellant was discharged under the insolvent laws, and the sentence being incomplete, the appellee took her only means of compelling the appellant to comply with the sentence, by commitment in default of bail.

This judgment on the uncompleted sentence is a new obligation on the part of defendant, and, therefore, entitles us to a right to proceed or enforce it.

OPINION BY ORLADY J., July 26, 1900:

The defendant pleaded guilty to an indictment for fornica-

tion and bastardy, and, in default of complying with the terms of the sentence imposed he was committed to the county jail. After remaining in jail for over three months he was regularly discharged as an insolvent debtor. Subsequent thereto a rule was granted to show cause why an attachment against the defendant should not issue, and that he should be directed to pay to the prosecutrix the instalments in arrears since his discharge, and to give bond for the payment of further sums according to the terms of the sentence. After notice and hearing this rule was made absolute, and the defendant " was ordered to pay to the prosecutrix the aggregate amount of the weekly payments falling due since the date of his discharge under the insolvent laws, and in default thereof, defendant to be committed to the county jail until this order is complied with, or until the further order of the court in the premises." From this order the defendant appeals. The procedure to secure a discharge as an insolvent debtor, after conviction of fornication and bastardy, and the effect of such discharge are clearly defined by the Act of June 16, 1836, P. L. 729.

The jurisdiction over persons arrested or detained by virtue of process issued in any civil suit or proceeding is fixed by the 2d section of the act; and, when relief may be given to persons sentenced by a criminal court is determined by the 47th section of the act, viz : " The court of common pleas of any county in which any person may be confined by sentence or order of any court of this commonwealth . . . . upon conviction of fornication and bastardy . . . . shall have power to discharge from such confinement upon his making application and conforming to the provisions hereinbefore directed in the case of insolvent debtors."

After an assignment has been made pursuant to the act, it is provided by the 15th section that, " the court shall make an order that the petitioner shall not at any time thereafter, be liable to imprisonment by reason of any judgment or decree obtained for the payment of money only, or for any debt, damages, costs or sum of money contracted, accrued or occasioned and due before the time of such order."

The discharge " from such confinement " is not a satisfaction of the sentence or order of the court, as the 40th section provides : " The real and personal estate acquired by any debtor

after his discharge, or in which he shall thereafter become entitled, . . . . shall be subject to his debts, engagements and other liabilities in like manner, in all respects, as if such discharge had not taken place. It shall be lawful for any of his creditors to issue and execute any new or other process against such real or personal estate, for the satisfaction of their respective claims, in the same manner as they might have done if such debtor had never been taken in execution."

By these provisions the remedy against the body of the discharged insolvent was taken away, and they are in effect a statutory commutation of that part of the sentence. The unsatisfied part of the sentence remained as a final judgment against him, and can be enforced only in the way mentioned in the statute. The jurisdiction of the quarter sessions to sentence, and of the common pleas to discharge is derived from the same source, the legislature.

In Hellings v. Amey, 1 Wh. 63, the effect to be given to the insolvent's discharge under the law prior to the act of 1836, was held to be the same as above stated. "By a discharge, under the insolvent laws, the remedy by commitment in execution is gone; and by what other remedy than an action, can the duty be enforced against property subsequently acquired?" The words, " or upon conviction for fornication and bastardy " were not in the statute when that decision was rendered, but in the act of 1836 they are conclusive of the exemption from arrest of the discharged insolvent. The person of the debtor is relieved and the only means of enforcing the judgment on the sentence, after his proper discharge, is by an execution against his subsequently acquired property. The sentence was a judgment or decree for the payment of money: George Texas's Case, 1 Ashmead, 175. He is not liable to a commitment for contempt of court for not complying with its decree, for the reason that the nonpayment of money, in accordance with the sentence, is not enumerated as one of the grounds for which the court may imprison for contempt (Act of June 16, 1836, P. L. 784), and is in accord with section 16 of the declaration of rights. " The person of a debtor, where there is not a strong presumption of fraud, shall not be confined in prison after delivering up his estate for the benefit of creditors in such manner as shall be prescribed by law."

By the 72d section of the criminal procedure Act of March 31, 1860, P. L. 427, it is provided: "The imprisonment awarded as part of the punishment of any offender shall not stop or avoid the awarding or taking out execution to levy such respective sums recovered against them as such offenders, who refuse or neglect to pay when such writs are taken out." While imprisonment is not originally awarded as part of the punishment under this sentence, it is in the alternative which the defendant makes operative by refusing to comply with the terms imposed. He stands committed until he pays the fine, costs, etc., and enters into the recognizance to secure the deferred payments, and when he is discharged according to law, he is not subject to a rearrest under the same sentence.

The case of a person committed to jail upon a complaint made under the Act of April 13, 1867, P. L. 78, relating to desertions by husbands, and its supplement of April 15, 1869, P. L. 75, is clearly distinguished from a case like the present in Davis's Appeal, 90 Pa. 131.

This disposes of the only question raised by this appeal. The assignments of error are sustained, and the order of the court of quarter sessions is reversed.