Com. ex rel. Berardino *v.* Berardino, Appellant.

Argued May 5, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Charles J. Margiotti,* and with him *William M. Gillespie, Sebastian C. Pugliese, Edward Friedman* and *Edward J. I. Gannon,* for appellant.—In contempt proceedings a party charged with constructive contempt must be given an opportunity to be heard in his own defense: Sullivan v. Jones & Laughlin S. Co., 222 Pa. 72; State Grand Lodge v. McMasters et al., 91 Pa. Superior Ct. 458.

Where a defendant gives security to comply with an order of court to pay for the maintenance of his wife, and ceases to pay, her sole remedy is on the bond: Com. v. Renard, 14 Lack. Jur. 236; Com. v. James, 142 Pa. 32.

*H. F. Stambaugh,* and with him *Ralph H. Smith* and *Watson and Freeman,* for appellee.—The court had power to impose sentence for contempt for failure to comply with the order for support, irrespective of the giving of bond by the defendant: Com. v. Lowenstein, 97 Pa. Superior Ct. 424; Com. ex rel. v. Shecter, 250 Pa. 282; Tomes Appeal, 50 Pa. 285; Com. ex rel. Lieberum v. Lewis, 253 Pa. 175.

OPINION BY KELLER, J., July 10, 1930:

Defendant appeals from an order of the county court of Allegheny County, entered April 11, 1930, adjudging him in contempt, and committing him to prison, for refusing to pay $2,000 out of $4,500 arrears due by him under an order for the support of his wife, entered January 31, 1929. See opinion in No. 17, April T., 1931, and 96 Pa. Superior Ct. 288.

On the same day that the county court refused his petition for a reduction of the order for support, March 7, 1930, his wife presented her petition setting forth the defendant's failure to pay any sum on account of the court's order and asking that he be adjudged in contempt and committed until he should

have purged himself by paying the arrears. The defendant filed an answer in which he set forth as grounds for his refusal and inability to pay, (1) that he had entered recognizance with approved surety in the sum of $10,000, conditioned for his compliance with said order, as directed by said court, and therefore had complied with said order; (2) that his wife had brought an action against the surety on said recognizance to No. 2604, January T., 1930, in the court of common pleas of Allegheny County, and that said matter was still pending in said court; (3) that "he has no income whatever at this time and has had no income at any time since the said order of court of January 31, 1929," and that he had suffered severe losses amounting to about $20,000 by reason of the recent decline in stocks and other securities; (4) that he had applied to the court for a reduction of the order, which was still pending. [It had then been refused.]

The hearing was continued twice at the request of the defendant and was finally held on April 11, 1930, when the defendant moved to dismiss the proceedings on the ground that the sole remedy was on the recognizance given in compliance with the court's order, and that an attachment for contempt would not lie. The court refused the motion. The defendant then proposed to introduce evidence in support of his answer, but the court refused to hear any such evidence unless and until the defendant paid $2,000 on account of said arrears, expressing itself as being satisfied, from its knowledge of the case, of the defendant's ability to pay that amount, which it would consider as a reasonable attempt to comply with the order; and on defendant's refusal to do so entered the following order: "And now, to wit, April 11, 1930, the above case came on for hearing, upon petition to attach defendant for contempt of this court, and upon answer filed by defendant, and it appearing that this court, on

January 31, 1929, entered an order requiring the defendant to pay the sum of three hundred dollars per month, for the support of his wife, Marguerite Berardino, relator in above entitled case, and that the defendant has not paid any sum whatsoever in compliance with said order, and particularly that defendant has not paid any sum whatsoever in compliance with said order prior to the filing on November 18, 1929, of the petition of the defendant for modification of said order for support, and the defendant having been required by the court to purge himself of the contempt, or show cause why he should not be further dealt with, as to the court may appear proper, in not obeying the order of this court entered January 31, 1929, and as modified and affirmed by the Superior Court on July 2, 1929, requiring the defendant to pay the sum of three hundred dollars per month, for the support of his wife, Marguerite Berardino, and the said defendant not having shown cause why he should not be further dealt with, the court now after hearing and full consideration, being satisfied that the defendant is flagrantly and openly shirking and avoiding the payment of the amount awarded to the prosecutrix by the order of court in this case, and that in defiance thereof, he has failed, neglected and refused to comply therewith, it is therefore by the court ordered, adjudged and decreed that defendant is in contempt of court, and it is further ordered and directed that his person be attached, and that he be forthwith committed to the common jail of Allegheny County, there to remain until such time as he has purged himself of contempt, by compliance with said order for payment, and it is further ordered and directed that no further motions or petitions on behalf of the defendant be entertained until such time as he shall have purged himself of the contempt aforesaid.''

The first question to be considered is, does the entry by a defendant of a recognizance with approved

surety, conditioned for his compliance with an order of court for the support of his wife, bar the court afterwards from issuing an attachment against him and committing him for contempt in neglecting to make the payments directed by said order? We answer this, No.

The order of January 31, 1929, as approved by this court, was that the defendant should pay his wife $300 per month for her support *and* enter his recognizance with approved surety in the sum of $10,000, conditioned for his compliance with said order, and stand committed until complied with. The entry of the recognizance was only part of the order. Compliance with that part of the order saved the defendant from an immediate commitment to jail, but it did not preclude the court from subsequently dealing with a contempt on the part of the defendant in wilfully neglecting to make the payments ordered. A defendant is sometimes permitted to go on his own recognizance, but whether with or without surety, the court retains its power to punish the defendant for a contemptuous disregard of its authority; which is the fundamental basis of all attachments for contempt: Com. ex rel. v. Shecter, 250 Pa. 282, 289. This power has been exercised under similar circumstances in many cases: Com. ex rel. v. May, 77 Pa. Superior Ct. 40, 42; Com. ex rel. v. Reynolds, 94 Pa. Superior Ct. 545, 546; Com. v. Grady & McNally, 95 Pa. Superior Ct. 108, 109; Com. v. Lowenstein, 97 Pa. Superior Ct. 424.

The right of the court to commit for contempt in like cases is recognized in the Act of June 15, 1911, P. L. 973, providing a method for enforcing orders of maintenance and support, etc., and defining what constitutes contempt in such cases, etc., which authorizes the attachment and commitment of a defendant who has failed to comply with an order of court for the support of his wife, etc., for the period of thirty days, if the court is satisfied that he was guilty of

wilful neglect to comply with said order. It is not confined to persons who failed to enter a recognizance, and in strictness can scarcely apply to them, for they are committed *at once* on failure to enter a recognizance, and do not have a grace period of thirty days. It is only the defendant who has partially complied with the order by entering his recognizance, with or without surety, as directed in the order, who comes within the terms of the act and may be attached and committed if thereafter he fails to obey the court's order by making the payments directed.

And in the Act of May 24, 1917, P. L. 268, to increase the powers of courts in proceedings for desertion and non-support of wives, etc., it is provided that any money collected on any forfeited bond or recognizance, *"with or without surety,"* given as security under any order of court, shall be paid to such wife, etc., but "such payment shall not bar or in any way affect the power of the court to enforce its orders against the defendant by attachment or otherwise;" recognizing the right of the court to punish the *defendant* for contempt even when the *surety* has made payments under the recognizance.

If it were otherwise the condition of a deserted wife would be most perilous. For, where, as in this case, the defendant and the surety contest their liability under the recognizance, the wife would be without means of subsistence until the action was carried to the highest court, if she was wholly without resources of her own and the power of the court to punish for contempt was denied. Proceedings under the Act of April 13, 1867, P. L. 78, are distinguished from fornication and bastardy cases, as to attachment for failure to comply with the court's order, in Com. v. Dee, 14 Pa. Superior Ct. 640, 644, and Davis' App., 90 Pa. 131.

We then come to the next question. Was the commitment in this case justified?

We said in In re Contempt of Myers & Brei, 83 Pa. Superior Ct. 383, 387, "Where the contempt arises from some misconduct committed in the presence of the court, or refusal to obey its lawful process, order or decree, the appellate court will not inquire further than to ascertain whether the record shows such misconduct or disobedience of the court's order, *and its judgment on the facts is generally conclusive.*" There is no question in this case of the court's order and its legality, or of the defendant's neglect and refusal to obey it. The only question is, was such refusal a wilful neglect or contemptuous disregard of the court's order, amounting to disobedience. The court found it was. The defendant complains that he was not permitted to introduce evidence to sustain the facts averred in his answer. His statement of questions involved (1) reads: "May a defendant be imprisoned for contempt in failing to comply with an order of a county court to pay his wife a certain sum of money for her support when he has filed an answer to the petition setting forth the reasons for his failure to comply and his inability to comply with the court's order, without first being given an opportunity to *establish the matters set forth in his answer* by proper testimony?"

What were the matters set forth in his answer, that he desired opportunity to establish by oral evidence? We stated them above: (1) That he had entered recognizance with approval surety in the sum of $10,000, conditioned for his compliance with said order. We have just seen that this is no excuse for a failure to comply with the order as to monthly payments; (2) that his wife had brought an action against the surety on said recognizance which is still pending. This too is of no avail to him. He does not allege any payment by the surety on account of the recognizance; (3) that he has no income at this time and has had none since the order was entered; that he has suffered

severe losses amounting to about $20,000, by reason of the recent decline in stocks and other securities; and (4) that he had applied for a reduction of the order, which was still pending.

The appellant misconstrues the issue in the court below. It was no longer a question of his *income;* it was then a question whether he had, or *should have had,* sufficient *property* to pay the arrears, or at least $2,000 thereof, and whether his neglect or refusal to pay was wilful and in contempt of the court's order, a situation for which he was himself responsible.

The court which adjudged him guilty of contempt was the same judge who heard the evidence on the original support hearing and entered the order of January 31, 1929, and the same judge who heard and disposed of the motion to reduce the order. He had heard evidence, which he deemed credible, and which the defendant did not attempt to refute, establishing that in January, 1929, defendant was possessed of large property interests, many times in value the amount he claims to have lost in the recent stock panic, and in receipt of an annual income therefrom of at least $10,800, (three times the annual sum awarded his wife: Com. v. Kramer, 80 Pa. Superior Ct. 210; Com. v. Milne, 90 Pa. Superior Ct. 68, 73). Defendant's answer made no attempt to account for the disappearance of this wealth, except the general averment of a loss or decline in values in the stock market of $20,000. The answer, on its face, admits that between July 2, 1929 when the order of the county court was affirmed by this court and November 18, 1929, when the petition to modify the order was presented, defendant was possessed of at least $20,000, which he claims to have lost in the decline of stocks, and presents no reason at all for not having applied some of this money to payment of the arrears due before the fall in stocks. The fact that he applied to the Supreme Court for the allowance of an appeal

from the judgment of this court did not relieve him of the duty of preparing to pay what was due under the order in case the appeal should be refused. His answer contained no averment of what property and resources he possessed over and above the $20,000 he claimed to have lost, nor a statement of the stocks and securities in which he suffered losses. It was not a full and frank disclosure of his financial condition at the time, nor did it reasonably account for his neglect to pay $2,000 of the accrued $4,500 arrears, or even all of it. The judge was familiar with all the steps taken by the defendant to defeat and delay payment of the money due his wife under the order, and found nothing averred in the answer which reasonably excused his failure to pay. While the judge might have permitted testimony to be taken, he was not bound to hear evidence in support of a totally insufficient answer; and the petition and answer constituted the issue in the proceeding. With full knowledge of all the facts and circumstances in the case from the first start of the proceedings, much of which is not, and is not required to be, in the printed record of this appeal, the learned trial judge was satisfied that the defendant was flagrantly shirking the payment of the moneys awarded his wife in defiance of the court's order. Our own review of the case confirms his finding and sustains his conclusion that the defendant was guilty of wilful disobedience, justifying his commitment for contempt.

The assignments of error are overruled and the order is affirmed at the costs of the appellant.