## Commonwealth v. Lauchner

*Warren S. Sharpless*, for Commonwealth.
*J. Atlee Cryder*, for prosecutrix.
*Nicholas Piazzo*, for surety.

KREISHER, P. J., July 14, 1950.—On June 22, 1948, prosecutrix in this case signed an information charging defendant with desertion and nonsupport. A warrant was served upon defendant on August 25, 1948, at which time he gave bail in the amount of $500 for his appearance before this court on said charge.

The case was continued by agreement of counsel from time to time until June 27, 1949, at which time counsel for the respective parties stipulated that the court enter an order directing defendant to pay $90 per month to prosecutrix for the support and maintenance of prosecutrix and three minor children, and that defendant enter into a recognizance in the sum of $300, with surety. On the same date R. G. Smith signed a recognizance in the sum of $300, which was approved by the court, and which provided that defendant shall in all respects comply with the sentence of the court in the above case, and authorized the district attorney to confess judgment in the amount of $300 with 10 percent attorney's commission for collection.

Defendant thereafter left the jurisdiction of this court, going to the State of Ohio, and he failed to make any payments whatsoever in compliance with the order of court, so that on May 1, 1950, prosecutrix filed an affidavit of default, setting forth that defendant was more than $300 in arrears on payments due by reason of the support order, and requesting that the recognizance be forfeited in the sum of $300, 10 percent attorney's commission for collection and record costs, and requesting that a rule be issued upon defendant and his surety to show cause why a new recognizance should not be entered with surety, to the extent to which it has been depleted, and that the surety produce the body of defendant.

Thereupon, the surety presented his petition to be relieved as surety, setting forth the facts and attaching a check in the amount of $300, made payable to the clerk of the courts, and signed by R. G. Smith, the surety. A rule was granted upon prosecutrix to show cause why the surety should not be relieved from his obligation, upon payment of $300. Prosecutrix filed an answer to the allegations of fact set forth in the petition, alleging that in addition to the $300, the surety should be compelled to pay 10 percent attorney's fees for collection, the costs of record, and produce the body of defendant, and until such compliance, the surety cannot be relieved of his obligation.

In Sadler's Criminal Procedure in Pennsylvania, 2nd ed., vol. 1, p. 173, sec. 149, it is stated:

"The surety is discharged upon payment of the full amount mentioned in the bond and cannot be held for any additional amount even though arrears due under the order of court may be much greater than the sum paid."

The cases cited for this proposition by the author are authority for the statement, and we believe them to be the law in the State of Pennsylvania.

The proposition that the surety is liable in addition to the $300 for 10 percent attorney's fees for collection we do not believe applies where the surety voluntarily pays the penal sum into court so that no proceedings for collection are required. We believe that the surety is only liable for this 10 percent attorney's fee when it is necessary to issue execution on the bond and proceed to collect by legal process.

Likewise, we do not believe that the proposition advanced by prosecutrix is well founded that the surety is required to produce the body of defendant before he may be discharged, for the reason that the recognizance as signed by the surety does not provide for such an undertaking. The only obligation that the surety undertook when he signed the recognizance for defendant was to guarantee that defendant would comply with the order of court directing him to make certain monthly payments, and if defendant failed, then the surety would be liable for those payments in the penal sum of $300.

This case is not analogous to the cases cited by prosecutrix, because in those cases the surety made payments at different times directly to prosecutrix on account of the payments directed in the support order, and prior to the forfeiture of the recognizance. It is to be noted in this case that there is no blood relationship between defendant and the surety, as there was in the case of Commonwealth, to use, v. Sigel et al., reported in 32 D. & C. 269. Likewise, there is no relationship of employer and employe between these parties, and, as a matter of fact, the attorney representing the surety requesting his discharge is a different attorney than the one who represented defendant at the time of hearing.

There seems to be little question in this case that the surety is here paying his obligation from his own funds

after the bond has been forfeited by the court, as the obligation he undertook and not as payments on account of the support order. To hold otherwise under the facts of this case than to discharge the surety would, in our opinion, place an undue burden upon a person who acts as surety for another, and would in the future make it very difficult for defendants to get surety as required by the act of assembly.

The discharge of the surety under these circumstances in no way discharges defendant from his continuing liability by reason of the order of support, and under the ruling in the case of Com. ex rel. Berardino v. Berardino, reported in 99 Pa. Superior Ct. 537, it is held that payment of the penal sum by the surety, while it relieves the surety, does not relieve defendant, and he is still subject to the jurisdiction of the court and liable for any unpaid payments and in contempt of court if he is in default on those payments and subject to attachment.

From the foregoing, we make the following

*Order of Court*

And now, to wit, July 14, 1950, upon consideration of the foregoing case, it is ordered and decreed that the rule to show cause why the surety should not be discharged upon payment of the penal sum of the recognizance in full is hereby made absolute, and the clerk of the court is directed to cash the $300 check in his hands, and apply the proceeds thereof, first, to the payment of any unpaid costs of record, and the balance thereof is to be paid to prosecutrix on account of the arrearages due by reason of defendant's default.

It is further ordered that defendant, being in default on the order of support heretofore entered, is in contempt of court, and it is, therefore, directed that the clerk of the court issue a bench warrant to the sheriff, returnable forthwith, for the body of defendant.