## Commonwealth v. Baldwin, Appellant.

*Criminal law—Desertion proceedings—Failure of husband to give security —Discharge—Discretion of court—Act of April 15, 1869.*

A husband was imprisoned for failure to comply with an order of the court of quarter session for the support of his wife and child. After he had been imprisoned for three months an application for his discharge under the act of April 15, 1869, was refused. About eight months later, a second application was also refused. Both refusals were based upon the ground that the court was satisfied of the ability of the defendant to comply with the order of the court. *Held*, that under the circumstances in this case, the refusal to discharge the defendant was not an abuse of the discretion of the court.

Argued May 2, 1892. Appeal, No. 179, Jan. T., 1892, by defendant, Will Baldwin, from judgment of Q. S. McKean Co., Oct. Sess., 1890, No. 28, refusing to discharge defendant. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, and MITCHELL, JJ.

From the record, the following facts appeared: Defendant was arrested, charged with desertion and non-support of his wife. His father became his bail in $500. On October 11, 1890, the case was heard in the court below, which ordered defendant to pay the costs and $4.00 per week for the support of his wife and child, and to give bond in $600 to comply with the order, the defendant to stand committed to the county jail until the order was complied with.

On January 20, 1891, the court, on the affidavit of defendant that he had no property and was unable to give security, granted a rule to show cause why he should not be discharged from imprisonment. On the hearing of this rule, no evidence was offered on behalf of the defendant outside of his affidavit; but the commonwealth offered the depositions of defendant's father and five other witnesses. From the deposition of the father, it appeared that he had paid $5 per week for the board of his son for about 90 days while he was in prison; and that the father was entirely able to go his son's bail. From the depositions of the other witnesses, it appeared that the father had discouraged other people from going bail for his son. The court below, on Feb. 23, 1891, refused to discharge defendant, in an opinion by MORRISON, J., from which a quotation is made in the opinion of the Supreme Court.

On Oct. 5, 1891, the court granted another rule to show cause why defendant should not be discharged, upon another affidavit of the defendant alleging his extreme poverty and inability to comply with the order of the court. No allegation of efforts to secure bail was contained in either affidavit. Upon hearing of the rule, no evidence outside of his affidavit was offered by defendant; and, on behalf of the commonwealth, the depositions on the previous rule were before the court, which, on Nov. 11, 1891, again refused to discharge the defendant, saying: " A careful consideration of the reasons given for the discharge of the defendant has not changed our views as expressed in our former opinion filed. We have no doubt of the ability of the defendant to comply with our order. And our duty is clear."

An appeal having been allowed by the Supreme Court, defendant entered bail in $500 for his appearance on the disposition of the appeal.

*Errors assigned* were, the abuse of the discretion of the court (4) in refusing to release the defendant, (1) upon his first application, (2) upon his second application; (3) assuming on the second application the ability of the defendant to comply with the order for security.

*Eugene Mullen* and *J. M. McClure,* for appellant.

*J. W. Bouton,* district attorney, with him *P. R. Cotter,* for appellee.

PER CURIAM, May 23, 1892:

After a full hearing at October sessions, 1890, the court below ordered the appellant to pay his wife, Phœbe Baldwin, the sum of four dollars per week for the support of herself and her and his infant child, to pay the costs, and to give bond in the sum of six hundred dollars to comply with said order, and that he stand committed until the order be complied with. The appellant at once surrendered himself to the sheriff of McKean county, and has been confined in jail since October 11, 1890. He now asks to be released without complying with said order or sentence. The ground for his application is his alleged inability to procure bail.

The act of April 15, 1869, provides, in such cases, that " It shall be lawful for the said court, at any time after three months, if they should be satisfied of the inability of such person to comply with the said order, and give such security, to discharge him from imprisonment." It was conceded that a discharge under this act is in the discretion of the court below. It was contended, however, that the refusal of the court to discharge the appellant, under the circumstances of this case, was an abuse of discretion; that it was never intended that a man should undergo indefinite imprisonment for not procuring bail when it was not in his power to do so.

The learned judge below was not satisfied of the inability of the appellant to comply with the order. On the contrary he says: " Now, we are well satisfied that he can give the bail and comply with the order of the court without any serious difficulty whatever." We need not discuss the reasons which led the court below to this conclusion. With all the facts before him, and with knowledge of the parties and circumstances surrounding the case, we are not prepared to say that his refusal

to discharge the appellant was an abuse of discretion. He finds that the effort to get bail was not made in good faith, but on the contrary, was a pretence and sham. We have no doubt that, when it is made to appear that the defendant has made an honest effort to procure bail and is not able to do so, the learned judge below will afford the proper relief.

Judgment affirmed.