## In re: Insolvency of Hogan.

*Criminal law—Fornication and bastardy—Discharge under in-solvency laws—Act of June 4, 1901, P. L. 404—Act of May 24, 1917, P. L. 268.*

One convicted of fornication and bastardy, and committed to jail in default of giving security, is entitled to be discharged from custody at the expiration of three months, upon compliance with the requirements of the Act of June 4, 1901, P. L. 404. The Act of May 24, 1917, P. L. 268, is not an amendment or supplement to the Insolvency Act of 1901, and contains no express repeal of any part of the Insolvency Act; nor is there such clear and strong inconsistency between the two enactments that a repeal by implication results.


Submitted March 3, 1924. Appeal, No. 1, Oct. T., 1924, by Lawrence Hogan, from order of C. P. Luzerne Co., May T., 1923, No. 17, dismissing petition for discharge from imprisonment. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for discharge from imprisonment under the Act of June 4, 1901, P. L. 404. Before JONES, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Petitioner appealed.

*Error assigned* was the order of the court.

*E. F. McGovern,* for appellant.

*M. H. Salsburg,* Assistant District Attorney, and with him *Arthur H. James,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., April 21, 1924:

Appellant was convicted of fornication and bastardy and committed to jail in default of giving security to comply with the terms of the sentence. After having

been in actual confinement for more than three months, he filed a petition under the Insolvent Act of 1901, P. L. 404, praying to be discharged from custody. The rule entered was resisted by the district attorney and the discharge was refused. Under the terms of section 6 of the Insolvent Act a defendant, who has been convicted of fornication and bastardy and has served three months in jail, is entitled to a discharge from jail upon compliance with the provisions of the statute directed in the case of insolvents. Appellant has complied therewith, but the court below held that the discharge of a defendant committed to jail for failure to comply with sentence of the court upon a charge of fornication and bastardy is no longer regulated by the Insolvent Act of 1901, but by the Act of May 24, 1917, P. L. 268. Whether this conclusion is correct is the sole question involved in this appeal.

The purpose of the Act of 1917, as declared in its title, is "to increase the powers of courts in proceedings for desertion and nonsupport of wives, children or aged parents; and in proceedings for failure to comply with orders of court in fornication and bastardy proceedings, or other proceedings for the support of illegitimate children," etc. Section 1 of the act provides that, "whenever......in any proceedings where any father of an illegitimate child has neglected to comply with the order of court made against him, in fornication and bastardy proceedings, or in any other proceedings for the support of such child, for the payment to the mother of expenses incurred at the birth of the child......the court having jurisdiction shall commit the defendant to imprisonment, for want of a bond with security; or, otherwise, the court may order the defendant to be imprisoned at hard labor under existing laws......; or the court may discharge a defendant upon his own recognizance, in the custody of a desertion probation officer or other person, subject to such conditions as the court may, in its discretion, impose." Manifestly a mis-

take in the punctuation of this act was made in the office of the secretary of the Commonwealth. There ought to be no semicolon after the word "security" in the 16th line of section one. The words "or otherwise" refer to the preceding clause so that it should read "whenever...... the court having jurisdiction shall commit the defendant to imprisonment, for want of a bond with security or otherwise," etc. Under the law existing at the time of the passage of the Act of 1917, the authority of the court to commit a defendant to jail in default of compliance with an order made against him in fornication and bastardy proceedings, or in any of the other proceedings mentioned in the act, was limited to a commitment to simple imprisonment. The result was that the deserted family or the mother of the illegitimate child secured no benefit from the imprisonment. That was the mischief to be remedied. The Act of 1917 changed the law so that when the order of support was entered, the court could do one of two things. It could direct that in default of compliance, the defendant should be committed to imprisonment at hard labor; or, it could discharge him on his own recognizance, subject to such conditions as it might impose looking toward compliance with the order for the benefit of the injured persons. If a commitment to hard labor follows a default of payment of any part of the order, sixty-five cents a day is to be paid by the official in charge of the penal or reformatory institution in which such defendant is imprisoned, to the person designated in the order of court as the proper recipient of the money. If, on the other hand, the defendant is poor and unable to get security, but willing to work, the court may discharge him on his own recognizance, subject to the condition that he contribute a part of his earnings to the support of his wife and family, or child; and, if he violates the order, issue an attachment against him under section two of the act. We cannot bring ourselves to the conclusion that the legislature intended to give a judge the power to imprison a man

at hard labor without any limit, except perhaps his own will, for failure to comply with an order made in the cases mentioned in the act. In default of compliance with the order made, the commitment should be to imprisonment at hard labor under existing laws. But the Act of 1917 did not change the length of time for which the prisoner could be confined, or modify the insolvent laws at all. The Constitution of Pennsylvania provides in article I, section 16: "The person of a debtor, where there is no strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as shall be prescribed by law." The Insolvent Act of 1901 fixes a limit of three months' imprisonment as a prerequisite to a discharge from jail after a conviction of fornication and bastardy. This was the "existing law" under which the appellant was committed to jail. The Act of 1917 is not an amendment to or a supplement of the Insolvent Act of 1901. It contains no express repeal of any part of the Insolvent Act. Nor is there such clear and strong inconsistency between the two enactments that a repeal by implication results. The appellant is entitled to be discharged as an insolvent debtor upon his satisfying the court below that he has complied with the Insolvent Act of 1901.

The assignment of error is sustained and the judgment is reversed with a procedendo.