## Commonwealth v. Ripka.

*John G. Love*, District Attorney, for Commonwealth.

*W. D. Zerby*, for defendant.

FLEMING, P. J., May 28, 1929.—Counsel having presented a petition for the discharge from custody of the above-named defendant under the Act of June 4, 1901, P. L. 404, the court has heretofore declined to entertain such petition.

We are now firmly of the opinion that the matter is ruled decisively by the case In re Insolvency of Hogan, 83 Pa. Superior Ct. 221, and that the defendant, having served an actual confinement of three months and more, is entitled to have the prayer of his petition granted and to be discharged under the Insolvent Act of 1901.

In order that all may be duly advised, we here state that it will be the future policy of this court when imposing sentences upon defendants convicted of fornication and bastardy to require the filing of a bond for the faithful performance of such order within ten days from the date of such sentence, and providing that if such bond is not filed within the period prescribed or other action taken by the court, the provisions of the Act of May 24, 1917, P. L. 268, be invoked and the defendant committed in accordance with the provisions of that act.

In the instant case, however, while the defendant was directed to file security for the faithful performance of his order, he has been permitted to remain in jail for a period in excess of three months without such action having been taken. Under these circumstances, he is entitled, by authority of the case cited above, to his discharge.

And now, May 28, 1929, it is ordered that if counsel for the above-named defendant will again present his petition, such petition will be entertained, and when the requirements of the Act of June 4, 1901, P. L. 404, have been by him fully complied with, that a discharge thereunder will be granted.

From S. D. Gettig, Bellefonte, Pa.