Commonwealth ex rel. Taylor, Appellant, *v.*
Keenan.

Submitted April 14, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

No argument was made nor brief submitted for appellant.

*John K. Best,* Assistant District Attorney, and *L. Alexander Sculco,* District Attorney, for appellee, submitted a brief.

OPINION BY WRIGHT, J., July 14, 1953:

Appellant has been confined for considerably longer than three months in the Allegheny County Workhouse by virtue of his failure to comply with the following order of the Court of Quarter Sessions of Westmoreland County in a desertion and non-support case:

"And Now July 3, 1952, after hearing it is ordered and directed that the previous order of Court is hereby cancelled and set aside and the defendant is directed to pay to H. A. Sanderbeck, Probation Officer, the sum of $50.00 per month for the support of his daughter, Leah Jean Taylor. Arrearages to stand. It is further ordered that the defendant enter into bond with approved surety in the sum of $3,000.00; failure to post

said bond forthwith, defendant to be committed to the Allegheny County Workhouse under the Act of May 24, 1917, P. L. 268".

The first paragraph of §1 of the Act of 1917, P. L. 268, 19 P.S. 1151, contains the following provision:

"Whenever in any proceedings brought against any man, wherein it is charged that he has, without reasonable cause, separated himself from his wife or children, or from both, or has neglected to maintain his wife or children; or in any proceedings where any father of an illegitimate child has neglected to comply with the order of court made against him, in fornication and bastardy proceedings, or in any other proceedings for the support of such child, for the payment to the mother of expenses incurred at the birth of the child; or in any proceedings where any child of full age has neglected or shall neglect to maintain his or her parents, not able to work or of sufficient ability to maintain themselves,—the court having jurisdiction shall commit the defendant to imprisonment, for want of a bond with security; or, otherwise, the court may order the defendant to be imprisoned at hard labor under existing laws, or laws that may hereafter be passed, in such penal or reformatory institution in this Commonwealth as the court shall direct; or the court may discharge a defendant upon his own recognizance, in the custody of a desertion probation officer or other person, subject to such conditions as the court may, in its discretion, impose".

Appellant's petition sets forth that he is able and willing to pay the monthly support as ordered by the court but that he is unable to pay the arrearages or to furnish a compliance bond. He contends that he is entitled to release by virtue of §6 of the Insolvency Act of 1901, P. L. 404, 39 P.S. §13, which reads as follows: . . .

"The court of common pleas of any county, in which any person may be confined by sentence or order of any court of this commonwealth until he restore any stolen goods or chattels, or pay the value thereof; or in which any person may be confined for the non-payment of any fine or of the costs of prosecution, or upon conviction of fornication and bastardy, and for no other cause, shall discharge such person from confinement on his making application and conforming to the provisions herein directed in the case of insolvents, who have been arrested on civil process: Provided, That where such person shall have been sentenced to the payment of a fine, or after a conviction of fornication and bastardy, he shall not be entitled to make such application until after he shall have been in actual confinement for a period of not less than three months, except in case of a fine not exceeding fifteen dollars, exclusive of costs, in which event the actual confinement need not exceed thirty days".

The original information was made by appellant's wife on October 24, 1946. A court order was entered on November 8, 1946, directing appellant to pay $18.00 per week for the support of the wife and one minor child. On February 28, 1947, after hearing upon a petition for reduction, appellant then being in arrears in the amount of $237.00, the court directed appellant to comply with the previous order and to file a compliance bond with approved sureties, in default whereof defendant was to be imprisoned in the Allegheny County Workhouse under the Act of 1917, supra. Having failed to file said bond, appellant was committed. On May 2, 1947, he was released from imprisonment and given a re-hearing. The previous court orders were vacated and appellant was directed to pay the sum of $30.00 per month for the support of the minor child only. It was further ordered that appellant "stay away

from Mary Sabo". On July 13, 1950, a bench warrant was issued upon a petition setting forth that appellant was in arrears in the sum of $120.00. Appellant was not apprehended until June 19, 1952. At the time the quoted order was entered, appellant was in arrears in the sum of $855.00.

Appellant's petition for a writ of habeas corpus was filed in propria persona. The present appeal was argued and briefed by the District Attorney, but we do not have the benefit of argument or brief on behalf of the appellant. The narrow question presented, as we understand it, is whether it was mandatory for the court below to discharge appellant at the expiration of a period of three months. This question must be answered in the negative.

The Act of 1917 is not an amendment to or repeal of the Act of 1901: Insolvency of Hogan, 83 Pa. Superior Ct. 221. In that case it was held that a defendant convicted of fornication and bastardy and committed to jail in default of giving security was entitled to be discharged from custody at the expiration of three months. We do not perceive, however, that the Insolvency Act applies to imprisonment in non-support cases for failure to pay arrearages and to file a compliance bond. Proceedings for support are to be distinguished from fornication and bastardy cases in this regard. The fundamental basis for imprisonment in non-support cases is punishment for contemptuous disregard of the court's authority: *Com. v. Berardino*, 99 Pa. Superior Ct. 537. Nor does the Insolvency Act apply to a commitment for violation of a city ordinance: *Ferree v. Douglas*, 145 Pa. Superior Ct. 447, 21 A. 2d 472.

The final paragraph of §733 of The Penal Code of 1939, 18 P.S. 4733, under which appellant was prosecuted, reads as follows:

"Whenever the court of quarter sessions of any county in the Commonwealth commits the person complained of to the county prison, there to remain until he complies with their order or give security, etc., the court may at any time after three (3) months, if it shall be satisfied of the inability of such person to comply with the said order and give such security, to discharge him from imprisonment."

This language was taken from the Act of 1869, P. L. 75, under which it was held that a mere surrender of his property, contemplated by the insolvent laws, did not entitle a defendant in confinement to a discharge, even though he had served over three months: *Davis's Appeal*, 90 Pa. 131. To be entitled to discharge after three months, a defendant must satisfy the conscience of the court of his inability to comply with the order: *Com. v. Bowman*, 51 Pa. Superior Ct. 330. In *Com. v. Baldwin*, 149 Pa. 305, 24 A. 283, a defendant was imprisoned for failure to comply with a support order. After he had served three months an application for discharge was refused. Eight months later a second application was also refused. Both refusals were based upon the ground that the court was satisfied of the ability of the defendant to comply with its order. Judgment was affirmed.

In his opinion discharging the present rule the President Judge of the court below makes the following statement:

"At no time has the relator shown any good faith or intention to comply with the law or the orders of the court, or made any real effort to fulfill his obligation as a husband and parent. We are not persuaded now that he has intentions to do so. We are not convinced that the third person in this eternal triangle has abandoned her interest in the relator, or that he has severed his relations with her, or that he intends

to do so. While we are satisfied that the relator is able to contribute to the support of his minor child, we are not convinced that he intends or will do so.".

With full knowledge of all of the facts, Judge LAIRD was satisfied that appellant was defying the court's order. We do not agree with appellant's contention that the Insolvency Act applies in this situation. Since the petition did not contain allegations which made out a prima facie case for allowing the writ, it was not necessary that a hearing be granted and the rule to show cause was properly discharged: *Com. ex rel. Rogers v. Claudy,* 170 Pa. Superior Ct. 639, 90 A. 2d 382.

Order affirmed.