Commonwealth *v.* Peters, Appellant.

Submitted March 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Robert M. Peters,* appellant, in propria persona.

*L. Alexander Sculco,* District Attorney and *John K. Best,* Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., April 12, 1955:

We are concerned with a nonsupport case which originated on October 10, 1949, when the wife made information before a Justice of Peace in Westmoreland County asking support for herself and a child two years of age. The husband-appellant is presently confined in the Allegheny County Workhouse. His history of the case contains the following statement: "On October 19, 1954, the Defendant filed a petition for his release. On October 27, 1954, this petition also was denied, which caused the Defendant to appeal his case to this Honorable Court". The docket entries fail to disclose the filing of such a petition and it does not appear in the record. What appellant is actually attempting is to attack purported errors in the proceeding extending back to its inception. The last order of the court below which appears in the docket entries was made on January 12, 1954. This appeal was not filed until November 10, 1954, and must therefore be dismissed because it was not taken within forty-five days. Section 4 of the Act of May 19, 1897, P. L. 67, as amended, 12 PS §1136. This statutory provision is mandatory: *Commonwealth v.*

*Schneiderman,* 162 Pa. Superior Ct. 461, 58 A. 2d 196, and there is no room for the exercise of discretion on our part: *Commonwealth v. Mackley,* 175 Pa. Superior Ct. 304, 104 A. 2d 169, affirmed 380 Pa. 70, 110 A. 2d 172.

Even though appellant had filed a petition in the court below on October 19, 1954, a timely appeal from an order made in connection with that petition would not entitle him to review preceding orders from which no appeal was taken. See *Commonwealth ex rel. Arbitman v. Arbitman,* 161 Pa. Superior Ct. 529, 55 A. 2d 586. We have nevertheless concluded that we should briefly consider the eight questions which appellant has attempted to raise.

Appellant's first contention is "that he has been denied the equal protection of law". He alleges that one of his arrests occurred on January 22, 1950, a Sunday. The transcript of the Justice of Peace discloses that the arrest in question occurred on January 21, 1950, a Saturday. In any event, an illegal arrest does not affect the validity of the subsequent proceedings: *Commonwealth ex rel. DiDio v. Baldi,* 176 Pa. Superior Ct. 119, 106 A. 2d 910. Appellant next alleges that one of the orders of the lower court dated May 29, 1953, was based on section 731 of the Act of June 24, 1939, P. L. 872, 18 PS §4731, whereas he was prosecuted under section 733 of said statute (18 PS §4733). The docket entries show that, on May 29, 1953, appellant was committed to the Allegheny County Workhouse under authority of the Act of May 24, 1917, P. L. 268, 19 PS §1151.

Appellant's second contention is that the period of his detention prior to the original court hearing, on March 13, 1950, was excessive and unreasonable. The hearing occurred during the February Sessions to which the case had been returned. There was no

denial of the right to enter bail pending the hearing. The so-called two term rule provided for by section 54 of the Act of March 31, 1860, P. L. 427, 19 PS §781 is clearly inapplicable. See *Commonwealth v. Halderman,* 299 Pa. 198, 149 A. 476.

. Appellant's third contention is that he was denied due process of law because he was brought to trial (March 13, 1950) without the benefit of counsel and without notice of right to counsel. There is no allegation that an ingredient of unfairness operated to appellant's detriment. See *Commonwealth ex rel. Perino v. Burke,* 175 Pa. Superior Ct. 291, 104 A. 2d 163. Trial courts are not required to assign counsel in noncapital cases: *Commonwealth ex rel. Townsend v. Burke,* 361 Pa. 35, 63 A. 2d 77.

Appellant's fourth contention is that, because he was actually living with his wife at the time the original proceeding was commenced, he should have been prosecuted under section 731 of the Act of 1939, supra, instead of section 733 of said statute. A husband may be prosecuted under either section although there is no proof of desertion, provided there is neglect to maintain. See *Commonwealth v. George,* 358 Pa. 118, 56 A. 2d 228, in which the two sections are distinguished on other grounds.

Appellant's fifth contention is that "jurisdiction should have been relinquished by Westmoreland County". It appears that appellant's wife was granted a divorce in Allegheny County on November 4, 1953. Appellant alleges that his former wife presently resides with the child in West Virginia. He therefore contends that the support order in Westmoreland County should have been vacated and a new order entered for the support of the child alone, either in Allegheny County, Pennsylvania, or in West Virginia. The action was properly brought in the county where the

parties resided originally. The only jurisdictional requirement is that the husband or father be "within the limits of this Commonwealth": *Commonwealth ex rel. Jamison v. Jamison*, 149 Pa. Superior Ct. 504, 27 A. 2d 535. And see *Commonwealth v. Husinka*, 127 Pa. Superior Ct. 360, 193 A. 380. A change in the residence of either party does not oust the court of jurisdiction once obtained: *Commonwealth ex rel. Milne v. Milne*, 149 Pa. Superior Ct. 100, 26 A. 2d 207.

Appellant's sixth contention is that a bench warrant was improperly issued because of his failure to appear on March 26, 1953, whereas he had received no notice to appear on said date. It is sufficient to point out that a prior order (December 26, 1952) had been entered on a temporary basis, and it was appellant's duty without notice to present himself before the court on the date fixed for the continued hearing.

Appellant's seventh contention is that "there was not any justification for the resentence to the workhouse" on January 12, 1954. Appellant is presently confined because of his failure to comply with the support order. See the Act of May 24, 1917, P. L. 268, supra, 19 PS §1151. The fundamental basis for imprisonment in nonsupport cases is punishment for contemptuous disregard of the court's authority: *Commonwealth ex rel. Taylor v. Keenan*, 173 Pa. Superior Ct. 418, 98 A. 2d 460. The record in this case does not indicate that appellant has acted in good faith or that he has shown any intention of complying with the law or the orders of the court.

Appellant's eighth and final contention, as we understand it, is that he is entitled to release under section 6 of the Insolvency Act of June 4, 1901, P. L. 404, 39 PS §13. We have previously held that this statute does not apply to imprisonment in nonsupport

cases: *Commonwealth ex rel. Taylor v. Keenan,* supra, 173 Pa. Superior Ct. 418, 98 A. 2d 460.

Appeal dismissed.