## Commonwealth v. Weisman

658

*J. Stroud Weber*, for Commonwealth.

*Frederick B. Smilie* of *Smilie, Bean, Davis & Tre-dinnick*, for defendant.

KNIGHT, P. J., December 10, 1957.—On October 3, 1957, after full hearing as of the above term and number, this court made an order upon defendant to pay the chief desertion officer of Montgomery County the sum of $50 a week toward the support of his wife, Marilyn Weisman, and his minor child, Eric Weisman. It is the practice in this court when an order is made in a desertion case and the dissatisfied defendant takes exception or exceptions to the order that the case comes before the court en banc. In the present case, defendant appealed directly to the Superior Court. To the best of his recollection, the writer never received any notice of the appeal in this case and did not know that an appeal had been taken until after the record had been sent to the Superior Court. This accounts for the delay in filing this opinion. Defendant received a salary of $9,000 per year and under the circumstances we do not deem the order made excessive. Defendant contends that he owes his wife no duty of support because she deserted him. The hearing judge found that the wife had just cause to leave the common domicile and that there was evidence that the separation was consentable.

Defendant, after the Commonwealth's case had been concluded, raised a question of jurisdiction. His theory is that since the separation took place in Delaware County, and his wife and child are now residing in

Philadelphia County, this court sitting in Montgomery County has no jurisdiction over his person despite the fact that he is a resident of this county.

Defendant cites the Act of September 26, 1951, P. L. 1494, sec. 18 PS §4733, to support this objection. That act reads in part as follows: "If any husband, or father, being within the limits of this Commonwealth, separates himself from his wife or from his children, or from wife and children, without reasonable cause, or neglects to maintain his wife or children, (1) his wife or children may file a petition, prepared by the district attorney and joined in and consented to by the husband or father, in the court of quarter sessions of the county in which the wife or children reside or in the county wherein the desertion or failure to maintain took place, setting forth the facts relating to the separation from or neglect to maintain his wife or children, or both, whereupon the court, or any judge thereof in chambers, shall enter an order fixing a time and place for hearing. . . ."

From this defendant contends that the former practice, which was last codified by the legislature in The Act of Penal Code of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733, had been abolished. Under that section and its predecessors, the practice had been to prosecute the action for support in whichever county defendant could be found. The courts of this Commonwealth have repeatedly stated in construing the Act of 1939, that: "The only jurisdictional requirement is that the husband or father be 'within the limits of this Commonwealth' ": Commonwealth v. Peters, 178 Pa. Superior Ct. 82, 87 (1955).

Defendant's contention that the former practice has been abrogated by the Act of 1951 is wholly without merit.

The Act of 1951 only provides an alternative to the former practice and does not abolish it. In fact, the

reason for its enactment was merely to relieve the wife or child of a deserting husband or father from having to pursue him all over the State to obtain support.

The second clause of the same paragraph of the Act of 1951, above quoted, reads: ". . . any magistrate, upon information made before him under oath or affirmation, by his wife or children, or either of them, or by any person, may issue his warrant for the arrest of the person against whom the information shall have been made, and bind him over, with one sufficient surety, to appear at the court of quarter sessions or other court having jurisdiction, there to answer the said charge of desertion."

Thus the paragraph sets up two alternatives. One gives jurisdiction to the court of the county where the wife resides or to the court of the county where the separation took place. The second gives jurisdiction to any "other court having jurisdiction." As the two are clearly in the disjunctive, the jurisdiction referred to in clause two can only refer to jurisdiction as construed by the established practice, that is the county where defendant can be found.

This is made even clearer when considering that the first alternative requires a petition filed by the district attorney, while the second requires the warrant of a magistrate. The record reveals that this action was started by magistrate's warrant. Therefore, the second alternative is clearly applicable in this instance.

Finally, the contention that the former practice has been abolished is patently erroneous because the Act of 1951 if read excluding the words following "(1)" and ending with "(2)" is the exact wording of the Act of 1939.

Therefore, this court has jurisdiction in this matter and the objection of defendant is dismissed.

In addition, defendant was arrested under section 733 of The Penal Code of June 24, 1939, P. L. 872,

18 PS §4733. He was taken before a justice of the peace who held him for court. He furnished bail and made no question of the jurisdiction of the court until after the Commonwealth's case was in. This court has jurisdiction of the subject matter of the litigation and even if defendant's contention is correct and we have under the statute law no jurisdiction of the person, this objection to our jurisdiction was waived when defendant furnished bail and went to trial.

And now, December 10, 1957, the decree of this court imposing an order on this defendant in the sum of $50 per week is affirmed.