653 A.2d 44

**Lori GALGON**

v.

**Ralph MARTNICK, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1994.

Filed Jan. 27, 1995.

Erv D. McLain, Bethlehem, for appellant.

Angela Uliana–Murphy, Pen Argyl, for appellee.

Before CIRILLO, OLSZEWSKI and HESTER, JJ.

CIRILLO, Judge:

Appellant Ralph Martnick ("Obligor") appeals from an order entered in the Court of Common Pleas of Northampton County, denying his petition to transfer venue from Northampton County to Lehigh County. We affirm.

Obligor and Lori Galgon ("Obligee") had a child out-of-wedlock on December 29, 1983. Approximately one month after the child's birth, Obligee filed a petition for support in the Court of Common Pleas of Northampton County, Domestic Relations Section. At the time of the filing, both parties resided in Northampton County.

On March 8, 1984, Obligor acknowledged paternity and the trial court entered on order of support. Over the next several years, the support order was modified upward and downward numerous times. Between 1991 and 1992, Obligor's where-

abouts were unknown, and he was adjudged delinquent in his child support payments. In 1992, after his whereabouts were discovered, Obligor was ordered to appear before the Domestic Relations Section of the Northampton County Court of Common Pleas. Obligor failed to appear and was, hence, found to be in criminal contempt of court. At a mandatory support conference in October of 1992, Obligor became irate at something that the hearing officer said and picked up a computer terminal and threw it against the courtroom wall, damaging the computer equipment. Obligor was again found to be in criminal contempt and a bench warrant was issued for his arrest.

On November 12, 1993, Obligor filed a petition for a change of venue from Northampton County to Lehigh County. At the time of the filing, Obligor alleged that both he and Obligee had been residing in Lehigh County for three years and six years, respectively. Obligor claimed that because his automobile was in disrepair, he would "suffer[ ] hardship by being forced to continue to submit to the jurisdiction of Northampton County." He also averred in his petition that the Obligee's use of an attorney paid by Northampton County would deprive Northampton County residents of services they so desperately need. By an order entered on January 12, 1994, the trial court denied Obligor's petition to change venue. This timely appeal followed. On appeal, Obligor asks this court to consider whether the trial court abused its discretion in denying his petition to transfer.[1]

It is well settled that on review of a trial court's decision regarding venue, we will not reverse absent an abuse

1. Generally, orders sustaining venue are appealable as of right only if: (1) the party benefiting from the order files within ten days after the entry of the order a election that the order shall be deemed final, Pa.R.A.P. 311(b)(1); or (2) the trial court states in the order that a substantial issue of venue is presented, Pa.R.A.P. 311(b)(2). *See Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989).

Here, neither requirement has been met. Notwithstanding this procedural deficiency, we will address Obligor's claim on appeal, because the order denying the petition to transfer venue was, for all intents and purposes, final. In fact, all that remains before the trial court is the pending support order.

of discretion. *Battuello v. Camelback Ski Corp.,* 409 Pa.Super. 642, 598 A.2d 1027 (1991). This determination, in turn, depends on the facts and circumstances surrounding each case and will not be disturbed if the trial court's decision is reasonable in light of those facts. *Id.*

Support matters are generally governed by Chapter 43 of the Domestic Relations Code (hereinafter referred to as the "Support Code"). 23 Pa.C.S.A. §§ 4301–4355. The procedure to be followed in an action under the Support Code is set forth in Chapter 1910 of the Pennsylvania Rules of Civil Procedure (hereinafter referred to as the "Support Rules"). Pa.R.C.P. 1910.1–.50. In particular, Rule 1910.1 provides that "the rules of this chapter govern all civil actions ... to enforce a duty of support, or an obligation to pay alimony pendente lite." Pa. R.C.P. 1910.1(a).

While most of the procedural rules governing support actions are now contained in the Support Rules, a few procedural rules can still be found in the Support Code. For example, the procedures to be followed in actions concerning intrastate or intercounty support obligations can be located in either the Revised Uniform Reciprocal Enforcement of Support Act ("RURESA"), 23 Pa.C.S.A. §§ 4501–40, the Support Code, or the Support Rules. RURESA contains provisions relating to certain intrastate matters, where the parties reside in different counties of Pennsylvania. 23 Pa.C.S.A. § 4533. Because both parties in this case presently reside in Lehigh County, RURESA is not applicable. Instead, two provisions of the Support Code and Support Rules apply.

Section 4352 of the Support Code is titled "Continuing jurisdiction over support orders" and provides in pertinent part:

(a) **General Rule.**—The court making an order of support shall at all times maintain jurisdiction of the matter for the purpose of enforcement of that order ... without limiting the right of the obligee to institute additional proceedings for support in any county in which the obligor resides or in which property of the obligor is situated....

(c) **Transfer of action.**—Where neither party to the action resides or is employed in the county wherein the support action was filed, the court *may* transfer the matter to any county wherein either party resides or where the defendant is regularly employed. . . .

23 Pa.C.S.A. § 4352 (emphasis added). In comparison, Support Rule 1910.8 is based on the doctrine of *forum non conveniens* and provides in relevant part:

(a) For the convenience of the parties and witnesses the court *may* transfer an action to the appropriate court of any other county where the action could have been brought at the time of the transfer.

(b) *If neither party to an action presently resides and the defendant-obligor is not employed in the county where the action is pending or a support order is in effect, the court* ***may*** *transfer the action or order or both to any county where either party resides or where the defendant-obligor is regularly employed.*

Pa.R.C.P. 1910.8 (emphasis added). The Explanatory Comment to Rule 1910.8 states that subdivision (b) authorizes the trial court to transfer an action when, with the passage of time, the parties no longer have any contact with the forum county. Pa.R.C.P. 1910.8, Explanatory Comment (citing 23 Pa.C.S.A. § 4352(c)). Pursuant to the Support Code and Support Rules, therefore, an action or order will be transferred to another county only at the discretion of the trial court.

In addition to the transfer rules above, the case law of this Commonwealth is clear that the county which entered the initial support order may retain jurisdiction to enforce that order, even after one or both parties subsequently move out of the county. *Bliss v. Bliss,* 343 Pa.Super. 17, 20, 493 A.2d 780, 781 (1985) (citing *Commonwealth ex rel. Jones v. Jones,* 272 Pa.Super. 417, 416 A.2d 526 (1979); *Commonwealth ex rel. Fiebig v. Fiebig,* 258 Pa.Super. 300, 392 A.2d 804 (1978); *Commonwealth v. Peters,* 178 Pa.Super. 82, 113 A.2d 327 (1955)). Here, although Obligee and Obligor have resided in

Lehigh County for six and three years, respectively, the Court of Common Pleas of Northampton County may, in its discretion, retain jurisdiction to enforce the current support order.

First, Obligor's allegations of hardship are frivolous. As the trial court noted in its 1925 opinion, the distance between the county seats of Lehigh and Northampton Counties is inconsequential—approximately fifteen miles. The fact that Obligor's automobile is in disrepair does not preclude him from taking advantage of other modes of transportation. Next, in light of the Obligor's past avoidance of process and his frequent refusal to fulfill his support obligation, we find that venue is best retained in Northampton County, where the Domestic Relations Section has spent almost ten years on, and has become intensely involved with, enforcing the various support orders. In light of these circumstances, we conclude that the trial court did not abuse its discretion in denying Obligor's petition to transfer venue. *Battuello, supra.*

Order affirmed.