**NEPO ASSOCIATES, INC., Appellee,**

v.

**GLORIA DEI OUTREACH CORP., Appellant.**

Superior Court of Pennsylvania.

Submitted May 14, 1997.

Filed Sept. 23, 1997.

Robert L. Adshead, Norristown, for appellant.

John K. Fiorillo, West Chester, for appellee.

Before BECK and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

HUDOCK, Judge:

This is an appeal from an order denying transfer of venue. Appellant, Gloria Dei Outreach Corp. (Outreach), argues that the trial court abused its discretion by denying Outreach's petition to transfer venue on the basis of *forum non conveniens* [1] without the benefit of a record. Because the order being appealed is interlocutory, we quash.

The facts and procedural history may be summarized as follows: Appellee, NePo Associates, Inc. (NePo), entered into a contract with .Outreach involving the development of land in Montgomery County for use as a housing project for the elderly. Subsequently, NePo filed a complaint against Outreach in the Court of Common Pleas of Chester County alleging breach of contract and unjust enrichment. Pursuant to this litigation, Outreach filed its petition. The trial court originally granted Outreach's petition and transferred venue from Chester County to Montgomery County. In response to this transfer, however, NePo filed a motion for reconsideration. The trial court vacated its previous order, granted NePo's motion, and entered an order denying Outreach's petition. Outreach filed a notice of election pursuant to Pa.R.A.P. 311(b)(1) to treat the trial court's order denying its petition as a final order, and appealed to this court.

Initially, we must consider whether this appeal is properly before us. Outreach appeals the trial court's order pursuant to 311(b) of the Pennsylvania Rules of Appellate Procedure, 42 Pa.C.S.A., which reads:

**(b) Order Sustaining Venue or Personal or In Rem Jurisdiction.** An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

(1) the plaintiff, petitioner or other party *benefiting from the order* files of record within ten days after the entry of the order an election that the order shall be deemed final; or

(2) the court states in the order that a substantial issue of venue or jurisdiction is presented.

Pa.R.A.P. 311(b). (Emphasis added.)

In this case, the trial court's order does not state that a substantial issue of venue or jurisdiction is presented; thus, any possible jurisdiction must rest on subsection (1) of the rule. Subsection (1) grants an appeal as of right when either the plaintiff, petitioner, or the benefiting party files a timely notice of election. The plaintiff in this case is NePo. Furthermore, the order from which Outreach appeals maintains venue in NePo's chosen forum; NePo is, therefore, the benefiting party and Outreach is not authorized to file an election that the order at issue be deemed final. [2] Thus, because neither subsection b(1) nor b(2) of Rule 311 is applicable in the present case, the appeal is interlocutory and must be dismissed. *See Okkerse v. Howe,* 521 Pa. 509, 515–17, 556 A.2d 827, 831 (1989);

---

1. "For the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1), 42 Pa.C.S.A.

2. Had NePo elected to treat the order as final, Outreach would have had to file an immediate appeal in order to preserve its objections to venue. *See* Pa.R.A.P. 311(g)(ii).

*see also Galgon v. Martnick,* 439 Pa.Super. 89, n. 1, 653 A.2d 44, 46 n. 1 (1995).

Appeal quashed.