J-A09004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: G.G.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1353 WDA 2023 |

Appeal from the Order Entered November 8, 2023
In the Court of Common Pleas of Allegheny County Juvenile Division at
No(s): CP-02-DP-0000410-2023

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:               **FILED:  September 25, 2024**

J.B ("Mother") appeals from the November 8, 2023 order that adjudicated her newborn baby, G.G.B. ("Child"), dependent and granted legal and physical custody of Child to the Allegheny County Office of Children, Youth, and Families (the "Agency").  Mother challenges the trial court's denial of her motion to transfer venue to Fayette County.  After careful review, we affirm.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.  Briefly, Mother and Child's father, R.B. ("Father"), became known to the Agency in October of 2022 when the Agency received a referral over concerns that the parents were declining to follow parenting and medical advice regarding Child's older sibling ("Sibling"), who at the time remained in the Neonatal Intensive Care Unit ("NICU") after a premature birth.  The court adjudicated Sibling dependent, granted legal and physical custody to the

Agency, and placed Sibling in foster care in Allegheny County where Sibling remains.

In August 2023, Mother traveled to West Virginia, in an apparent effort to evade the Agency, and gave birth to Child at West Virginia Children's Hospital in Morgantown, West Virginia. Child was born prematurely, required a breathing machine and a feeding tube, and remained in the NICU after birth. After receiving reports that Mother wanted to remove Child from the NICU against medical advice, the Agency sought emergency protective custody of Child, and the trial court granted a temporary emergency order pending a shelter care hearing.

On August 14, 2023, after a shelter care hearing, the trial court denied the Agency's request for emergency custody of Child finding that Allegheny County did not have jurisdiction over the matter because Child was hospitalized in West Virginia.

On August 15, 2023, the Agency filed an emergency motion for a shelter care re-hearing requesting that the trial court reinstate the emergency custody order because, *inter alia*, West Virginia Health and Human Services maintains the position that Allegheny County has jurisdiction due to the current open dependency case and the fact that parents reside in Pennsylvania; Parents previously requested to move Sibling's case to Fayette County and the court denied the request; and Fayette County requested that Allegheny County be appointed as the primary investigating agency on the new referral. Motion, 8/15/23, at ¶¶ 7-10. On August 18, 2023, after a

hearing, the trial court found that Allegheny County has jurisdiction in this matter[1] and Allegheny County is the appropriate venue based upon the fact that Father resided in Allegheny County and Allegheny County already had a case open with Sibling. N.T. Shelter Hearing, 8/19/23, at 20-25. The court granted emergency custody of Child to the Agency.

On August 28, 2023, Mother filed a motion for transfer of venue requesting that the trial court transfer venue from Allegheny County to Fayette County where she resided. On August 30, 2023, the trial court denied Mother's request.

On November 8, 2023, the trial court adjudicated Child dependent and granted legal and physical custody of Child to the Agency. The court noted that Child had been placed in foster care in Allegheny County.

Mother filed a timely notice of appeal. Both Mother and the trial court complied with Pa.R.A.P. 1925.

---

[1] We note that Child remained in the hospital in West Virginia at this time. However, on appeal, no party has raised a challenge to the trial court's finding that Allegheny County had personal jurisdiction over Child. Rather, as discussed *infra*, Mother only challenges venue. "Frequently, the terms jurisdiction and venue are used interchangeably although in fact they represent distinctly different concepts." ***In re Estate of R. L. L.***, 409 A.2d 321, 322 n.3 (Pa. 1979). "Jurisdiction denotes the power of the court whereas venue considers the practicalities to determine the appropriate forum." ***Id.*** In particular, "[p]ersonal jurisdiction is a court's power to bring a person into its adjudicative process. Moreover, personal jurisdiction is readily waivable." ***Grimm v. Grimm***, 149 A.3d 77, 83 (Pa. Super. 2016) (citations and internal punctuation omitted). We decline to address whether the court had personal jurisdiction over Child because, as stated above, no party raised this issue for our review.

Mother raises a sole issue for our review: "Did the trial court abuse its discretion and/or err as a matter of law when it adjudicated [Child] dependent pursuant to 42 Pa.C.S. § 6302(a) when venue in Allegheny County was improper as Mother resides in Fayette County, Mother and Father desire the matter to proceed in Fayette County, and [Child] has never been to Allegheny County." Mother's Br. at 11.

When reviewing "a trial court's decision regarding venue, we will not reverse absent an abuse of discretion." **Galgon v. Martnick**, 653 A.2d 44, 46 (Pa. Super. 1995). "This determination, in turn, depends on the facts and circumstances surrounding each case and will not be disturbed if the trial court's decision is reasonable in light of those facts." **Id.** at 93.

Mother avers that the trial court erred in denying her motion to transfer venue to Fayette County. Mother's Br. at 11. She argues that the Rules of Juvenile Court Procedure state, *inter alia*, that a dependency proceeding may be initiated in the county in which the child resides and because Child is a newborn, her residency should be determined by Parent's residency. **Id.** at 18. Finally, Mother argues that both she and Father currently live in Fayette County and desire the case to proceed in Fayette County.[2] **Id.** at 25-27.

_____

[2] Additionally, for the first time on appeal, Mother argues that the trial court erred in considering Child's best interest as dispositive of venue. Mother's Br. at 28-32. Mother failed to raise this issue in her Rule 1925(b) statement and, therefore, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); 302(a)("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

The Juvenile Act and the Rules of Juvenile Court Procedure both require the juvenile court to focus on the location of the child, and not the parents, when determining the proper venue for a dependency proceeding. In particular, they provide that a dependency proceeding may be commenced in "(1) the county in which the child is present; or (2) the child's county of residence." Pa.R.J.C.P. 1300(A)(1-2); **see also** 42 Pa.C.S. § 6321(b)(1, 3). Additionally, the Rules and the Act both allow a court to transfer a case to another county upon motion by a party or *sua sponte*. **See** 42 Pa.C.S. § 6321(c)(1); Pa.R.J.C.P. 1300(B). Specifically, Rule 1300(B) states that, "[a]t any time prior to the adjudicatory hearing, for the convenience of parties and witnesses, the court, upon its own motion or motion of any party, may transfer an action to the appropriate court of any county **where the action could originally have been brought or could be brought at the time of filing the motion to change venue**." Pa.R.J.C.P. 1300(B) (emphasis added).

Upon review, when Mother filed a motion to transfer venue to Fayette County, Child was not present in Fayette County nor residing in Fayette County. Accordingly, based on the plain language of both the Juvenile Act and the Rules of Juvenile Court Procedure, Mother did not meet her burden to demonstrate that venue should be transferred.

Mother asks this Court to expand the language contained in both the Juvenile Act and the Rules of Juvenile Court Procedure—which clearly states that venue in dependency cases is to be based on the location of the Child— and conclude that venue should be based on the location, or residence, of the

parents. We decline to do so. Because Mother failed to prove that Child was present in or resided in Fayette County at the time she filed the motion to transfer venue, we conclude that the trial court did not abuse its discretion when it denied Mother's motion to transfer venue to Fayette County.[3, 4, 5]

Order affirmed.

Judge Kunselman files a concurring memorandum.

Judge Nichos files a concurring memorandum.

_____

[3] We acknowledge that Child, likewise, did not live in Allegheny County at the time that Mother filed her motion to transfer venue. However, as explained above, it is not this Court's role to determine whether Allegheny County had personal jurisdiction over Child, as Mother does not raise this issue for our review. Rather, we are limited to considering whether the trial court abused its discretion in denying Mother's motion to transfer venue.

[4] "We may of course affirm the decision of the trial court if the result is correct on any ground without regard to the grounds relied on by the trial court." *Mazer v. Williams Bros. Co.*, 337 A.2d 559, 562 (Pa. 1975).

[5] We respectfully disagree with the concurrence's assertion that "a newborn's residence should be that of the parent" and subsequent conclusion that its position "would not be an 'expansion' of the Juvenile Act or the Rules of Juvenile Court Procedure." *See* Concurring Memorandum at 4-5. Although the idea that the venue for a newborn should be the residence of a parent instead of the residence of the newborn has common sense advantages, neither the Juvenile Act nor the Rules authorize such a finding. Rather, both the Juvenile Act and the Rules clearly and unambiguously provide that the juvenile court should determine venue according to the location of the child and not the parents. They make no exception for newborns. This Court lacks the authority to re-write the Juvenile Act or the Rules to so provide; only the legislature or the Supreme Court has such authority.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/25/2024