J-A19003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TODD BERRINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KESHIA ALICE BERRINGER | : | No. 127 WDA 2025 |

Appeal from the Order Entered January 17, 2025
In the Court of Common Pleas of Jefferson County
Civil Division at No. 572-2020 CD

BEFORE:  BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: September 4, 2025**

Todd Berringer (Father) appeals *pro se* from the order transferring venue of this custody case from Jefferson County to Indiana County.[1]  Keshia Alice Berringer (Mother) has filed an application to dismiss Father's appeal. After careful review, we deny the application to dismiss and affirm the order transferring venue.

CASE HISTORY

The parties are the divorced parents of two children.  They separated in 2020, when Mother left the family home in Indiana County and relocated to Jefferson County.  Father has continued to reside in Indiana County.

---

[1] "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles."  Pa.R.A.P. 311(c).

On August 14, 2020, Mother filed a complaint for custody at the underlying docket in Jefferson County.[2]  On October 26, 2020, the parties stipulated to an order providing for equally shared physical custody of the children.  However, the parties continued to litigate various custody disputes.

On October 29, 2021, the trial court awarded Father "primary physical custody of the minor children subject to the rights of Mother to have partial physical custody."  Order, 10/29/21.  On November 5, 2021, Mother filed a petition to modify custody.  The court scheduled a hearing for March 17, 2022.  On April 4, 2022, the court entered findings of fact, conclusions of law, and an order maintaining primary physical custody with Father.  Order, 4/4/22.  Father has had primary physical custody of the children since 2021.

On October 11, 2024, Mother filed a petition alleging that Father was in contempt of the custody order.  The trial court held a hearing and concluded that Father was not in contempt.  *See* N.T., 12/19/24, at 21; Order, 1/7/25.  On January 17, 2025, Mother filed a motion to transfer venue to Indiana County.  The trial court granted the motion, and entered an order stating that Indiana County "is the appropriate venue and jurisdiction for this custody matter."  Order, 1/17/25.  Father filed an unsuccessful motion for reconsideration, followed by a timely notice of appeal.[3]

---

[2] The parties also litigated their divorce at this docket.

[3] Father did not file a concise statement with the appeal, as required by Pa.R.A.P. 1925(a)(2)(i) (stating that in "children's fast track appeal[s, t]he
*(Footnote Continued Next Page)*

On May 8, 2025, Mother filed a motion for sanctions or dismissal of appeal with this Court, docketed as an application to dismiss, based on Father's failure to serve Mother's counsel with the notice of appeal, concise statement and brief. **See** Application to Dismiss, 5/8/25, at 3-6 (unnumbered). Mother also sought dismissal based on deficiencies in Father's brief. **Id.** On May 30, 2025, this Court entered a *per curiam* order deferring disposition of the request to this merits panel.

DISCUSSION

Regarding Mother's application for dismissal, we are not persuaded that the service issues warrant relief. Counsel states that the trial court advised her that Father had filed an appeal, and as a result, she obtained copies of the notice of appeal and concise statement from the Jefferson County Prothonotary; counsel obtained a copy of Father's brief from Mother. **Id.** at 3-4.

As to Father's brief, it consists of a 6-page narrative in which Father alleges that Mother is "forum shopping," and "trying to select a court that she believes will be more favorable to her case." Father's Brief at 1. Father claims

---

concise statement … shall be filed and served with the notice of appeal"). However, Father timely filed a concise statement after the trial court ordered him to do so. **See In re K.T.E.L.**, 983 A.2d 745, 748 (Pa. Super. 2009) (declining to find waiver in a children's fast track case where the appellant filed her concise statement after the notice of appeal, rather than contemporaneously, and the late filing did not prejudice the other parties).

the transfer of venue "would significantly inconvenience or disadvantage" him, as he has "invested time and resources in the current jurisdiction." *Id.* at 2.

As Mother observes, Father's brief fails "to adhere to the required format[,] … in violation of Pa.R.A.P. 2111, 2116, 2117, 2118 and 2119." Application to Dismiss at 3. Briefs "shall conform in all material respects" with the Rules of Appellate Procedure, and if the defects in an appellant's brief are substantial, the appeal "may be quashed or dismissed."[4] Pa.R.A.P. 2101. If a deficient brief hinders this Court's ability to review an issue, the issue will be regarded as waived. *See Gould v. Wagner*, 316 A.3d 634, 639 (Pa. Super. 2024). Here, Father's brief is deficient, but the deficiencies do not substantially impede our review. *Id.* Accordingly, we deny Mother's application to dismiss.

Mother has paraphrased Father's issue as follows:

DID THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, PENNSYLVANIA ABUSE ITS DISCRETION BY ORDERING THE SUBJECT CUSTODY MATTER TO BE TRANSFERRED TO INDIANA COUNTY, PENNSYLVANIA?

Mother's Brief at 2.

The "question of which county within this state should decide a particular custody case, when that case is properly within the jurisdiction of this Commonwealth, is a venue question." *Wolf v. Weymers*, 427 A.2d 678,

---

[4] Although Father is *pro se*, and we may "construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003).

- 4 -

680-81 (Pa. Super. 1981).  When reviewing "a trial court's decision regarding venue, we will not reverse absent an abuse of discretion."  ***Galgon v. Martnick***, 653 A.2d 44, 46 (Pa. Super. 1995) (citation omitted).  "This determination, in turn, depends on the facts and circumstances surrounding each case and will not be disturbed if the trial court's decision is reasonable in light of those facts."  ***Id.***

Venue "is a matter for the convenience of the litigants" and "considers the practicalities to determine the appropriate forum."  ***J.K. v. W.L.K.***, 102 A.3d 511, 513 (Pa. Super. 2014).  With respect to child custody,

> (a) An action may be brought in any county
>
> > (1) (i) which is the home county of the child at the time of the commencement of the proceeding, or
> >
> > (ii) which had been the child's home county within six months before commencement of the proceeding and the child is absent from the county but a parent or person acting as parent continues to live in the county; or
>
> (2) when the court of another county does not have venue under subdivision (1), and the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with the county other than mere physical presence and there is available within the county substantial evidence concerning the child's, protection, training and personal relationships; or
>
> (3) when all counties in which venue is proper pursuant to subdivisions (1) and (2) have found that the court before which the action is pending is the more appropriate forum to determine the custody of the child; or
>
> (4) when it appears that venue would not be proper in any other county under prerequisites substantially in accordance with paragraphs (1), (2) or (3); ….

Pa.R.Civ.P. 1915.2(a).  Notably:

> **The court at any time may transfer an action to the appropriate court of any other county where the action could originally have been brought or could be brought if it determines that it is an inconvenient forum under the circumstances and the court of another county is the more appropriate forum**….

Pa.R.Civ.P. 1915.2(c) (emphasis added).[5]

Father does not explain how the change in venue will disadvantage or inconvenience him, aside from the "time and resources" he has invested in Jefferson County.  Father's Brief at 2.  Father recognizes his ties to Indiana County.  He states:

> My children and myself have lived in the same home and address [in Indiana County] for over 9 years, including [Mother,] up until our separation at the end of 2020, when the initial court proceedings were filed by [Mother] in the Jefferson County … [C]ourthouse.  This address has never changed during any of the hearings that have transpired since the separation of [the parties in] June 2020.

*Id.*

Although Father has primary physical custody of the children in Indiana County, he claims that venue in Indiana County "will only result in giving [Mother] more opportunities [for] continued and relentless [litigation, with] negative effects on the children and myself." *Id.* at 6.

_____

[5] Similarly, a "court of this Commonwealth which has jurisdiction … to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum."  23 Pa.C.S. § 5427(a).

Mother argues that the trial court properly transferred venue because Father "lives in Indiana County, and the children have lived primarily in Indiana County." Mother's Brief at 11. Mother also denies forum shopping, and notes that she filed her motion to transfer venue after the December 19, 2024 contempt hearing, when "several comments were made" by the trial court about "the subject custody matter belong[ing] in Indiana County." *Id.* According to Mother, "[i]t is regrettable that the statements made by the [judge] … were 'inaudible' because [he] commented more than once that this matter belonged in Indiana County…." *Id.* at 9.

Our review reveals no reference by anyone to the case belonging in Indiana County, and only one instance of the trial court stating something inaudible. *See* N.T., 12/19/24, at 21 (trial court stating to Mother, "I'm [inaudible] of you too."). Mother testified that Father was in contempt of the custody order because he was not complying with provisions pertaining to the children's medical appointments. *Id.* at 10-11. Mother also stated that she was "worried about certain things being said or shown because of consequences." *Id.* at 18. Mother clarified that she was concerned about consequences for the children. *Id.* She stated that "there was recently a [Children & Youth Services (CYS)] report made [about] issues going on in the home with [Father's] drinking," and the parties' daughter "getting smacked in the head with a brush." *Id.* at 18-19. At that point, the trial court stated to Mother's counsel, "[W]e can cut this off[,] I already denied [Mother's prior petition for] emergency [relief]." *Id.* at 19. The court said to Mother, "I

- 7 -

denied your emergency [petition]. Indiana County [CYS] didn't take any action which means to me there was no emergency." ***Id.*** The court continued:

> And actually, find me something [Father is] in contempt of. [He] just [said,] I can show you all the appointments I went to. … [Father] went to appointments. … I'm denying [Mother's] contempt [petition]. This isn't contempt. It's not contempt. [Mother] has said nothing that [constitutes] contempt of the order…. Nothing.

***Id.***

After the trial court denied her contempt petition, Mother filed the motion to transfer venue. The trial court granted the petition because Indiana County "is the appropriate venue and jurisdiction for this custody matter." Order, 1/17/25. The court observed that "the children have lived, primarily, in Indiana County." Trial Court Opinion, 2/26/25, at 1. In addition:

> Mother has filed emergency custody petitions in Jefferson County for allegations that allegedly occurred in Indiana County, which were investigated by Indiana County [CYS]. …
>
> If a custody modification were filed, the witnesses, [including any CYS] workers[,] would have to travel from Indiana to [the Jefferson County Courthouse in] Brookville, Pennsylvania, a distance of 50 miles[,] to discuss issues which they investigated in Indiana County. The children's friends, neighbors and family all live in Indiana County. They have [primarily] reside[d in Indiana County] for five years.
>
> As such, divorce having been granted in this case, the custody jurisdiction and venue lies in Indiana County, Pennsylvania….

***Id.***

The trial court's explanation for its decision is reasonable. Therefore, we cannot conclude that the court abused its discretion in ordering the transfer of venue from Jefferson County to Indiana County.

Application to dismiss denied. Order transferring venue affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/4/2025